RECEIVED
MAY 20 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| GEORGE E. McGOVERN, III, AS THE CURATOR OF DAVID RICHARD MOORE | CIVIL ACTION NO. 13-1353 |
| versus | JUDGE TOM STAGG |
| DAVID TODD MOORE | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Pending before the court is a motion for summary judgment filed by the plaintiff, George E. McGovern, III ("McGovern"), as curator of David Richard Moore ("David"), seeking judgment as a matter of law on his cause of action against the defendant, David Todd Moore ("Todd"). See Record Document 39. For the reasons set forth below, McGovern's motion is **DENIED**.

### I. BACKGROUND

The ultimate issue presented in this motion is whether a purported transfer of property from David to Todd is not in proper form, and therefore is an absolute nullity and has no effect as a matter of law. The parties agree that Todd is David's son, and that on December 21, 2010, David and his wife, Janice Moore ("Janice") signed a Warranty Deed ("the Deed") purporting to transfer the disputed property—a

farm in Iowa—to Todd for a price of $1.00. See Record Documents 39, Plaintiff's Statement of Undisputed Material Facts and Ex. A, and 41, Defendant's Statement of Material Facts. Additionally, the parties agree that the Deed was not signed by any witnesses. See Record Document 39, Ex. A. The plaintiff alleges that no witnesses were present when David and Janice signed the deed. See id., Plaintiff's Statement of Undisputed Material Facts. Todd claims that he does not know whether any witnesses were present when David and Janice signed the Deed because he was not present when they signed it. See Record Document 41, Defendant's Statement of Material Facts. Todd further argues that the lack of witness signatures is irrelevant because the Deed complies with the formal requirements of Iowa law. See id. The plaintiff also contends that Todd did not pay the stated purchase price of $1.00. See Record Document 39, Plaintiff's Statement of Undisputed Material Facts. Todd does not dispute this fact, but claims the transfer cannot be invalidated on that basis. See Record Document 41, Defendant's Statement of Material Facts.

The plaintiff filed the instant lawsuit in state court on April 29, 2013. See Record Document 1, Ex. 1. Todd filed a notice of removal and the case was removed to this court on June 12, 2013. See Record Documents 1 and 7. The plaintiff filed a motion to dismiss for lack of jurisdiction, which was ultimately denied. See Record Documents 3, 31, and 32. The plaintiff filed the instant motion for summary

judgment on March 13, 2014, seeking judgment as a matter of law on the ground that the Deed is invalid in form and therefore is an absolute nullity. See Record Document 39. The defendant filed an opposition, the plaintiff filed a reply, and the defendant filed a sur-reply. See Record Documents 41, 45, and 48.

## II. LAW AND ANALYSIS

### A.   Summary Judgment.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should

be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). The Fifth Circuit has cautioned that "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy" the nonmovant's burden in a motion for summary judgment. Ramsey v. Henderson, 286 F.3d 264, 269 (5th Cir. 2002)(internal quotes omitted). To prevail on a motion for summary judgment, the plaintiff must establish evidence that would entitled him to a directed verdict because he bears the burden of proving his claims at trial. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991).

**B.   Conflict Of Laws.[2]**

The first task for the court is to determine which state's law governs this dispute. The plaintiff contends that Louisiana law applies while Todd argues that Iowa law should control. Because the court's subject matter jurisdiction in this matter rests on diversity of citizenship pursuant to 28 U.S.C. § 1332, the court must apply the forum state's choice of law principles. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 497, 61 S. Ct. 1020, 1022 (1941); Roberts v. Energy Dev. Corp., 104 F.3d 782, 786 (5th Cir. 1997). Accordingly, this court will apply Louisiana's choice

---

[2] For purposes of the instant motion, the court assumes the Deed is valid under Iowa law and invalid under Louisiana law, thereby creating a conflict between the laws of these states. The plaintiff has not argued that the Deed would be invalid under Iowa law, and the defendant contends that the Deed appears to comply with Iowa's form requirements. See Record Documents 39, 40, and 45.

of law principles.

Louisiana's choice of law rules are set out in the Louisiana Civil Code. In the absence of a more specific rule, the general rule is to apply the law of the state "whose policies would be most seriously impaired if its law were not applied" to the issue. La. Civ. Code art. 3515. The parties have identified three more specific rules that they argue are applicable in this case—articles 3535, 3537, and 3538.

Louisiana Civil Code article 3535 provides that "[r]eal rights in immovables situated in another state are governed by the law that would be applied by the courts of that state." La. Civ. Code art. 3535. Todd contends that article 3535 applies and, because the disputed land is located in Iowa, Iowa law should apply. However, as the plaintiff notes, the issue presented in the instant motion is the validity of the Deed that purported to transfer the land from David to Todd. When the court is confronted with a challenge to the validity, in form or substance, of a contract that creates real rights in land, the appropriate choice of law provisions are in Louisiana Civil Code articles 3537-3541. See La. Civ. Code art. 3535 cmt. (b)(noting that the law of the situs governs real rights in immovables, but challenges to a contract's "formal and substantive validity . . . are determined according to the law designated by Articles 3537-3541, infra."); First Ala. Bank v. Baber, No. 92-1662, 1992 WL 245611 at *1 (E.D. La. Sept. 16, 1992). Thus, article 3535 does not apply to this dispute.

The general choice of law rule for issues of conventional obligations, including challenges to the validity of a contract, is set out in Louisiana Civil Code article 3537, which provides that courts should apply "the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." La. Civ. Code art. 3537. The article sets out the following factors for the court to consider:

> (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

La. Civ. Code art. 3537.

Applying the factors set out above, the court finds that article 3537 mandates the application of Iowa law. The object of the contract—the farm—is located in Iowa. When considering contract disputes involving immovables, the location of the property can be an overriding factor. See id., cmt. (e)("[I]n a contract pertaining to immovables, the fact that the 'location of the object of the contract' is in one state may well be more important than all other factual contacts of another state. . . ."). Any performance will necessarily take place in Iowa, not Louisiana, because that is

where the property is located. The Deed was executed on an Iowa form. See Record Document 39, Ex. A. Todd, the purported transferee, is an Iowa domiciliary. The only connections to Louisiana are that David and Janice are Louisiana domiciliaries and the Deed was executed in Louisiana. The court finds that Iowa's policies would be more seriously impaired if its laws were not applied, and therefore article 3537 calls for the application of Iowa law.

However, article 3537 only applies in the absence of a more specific provision. See La. Civ. Code art. 3537 cmt. (a). The court must therefore also look to article 3538, a more specific choice of law provision pertaining to whether contracts are valid in form. Article 3538 provides as follows:

> A contract is valid as to form if made in conformity with: (1) the law of the state of making; (2) the law of the state of performance to the extent that performance is to be rendered in that state; (3) the law of the state of common domicile or place of business of the parties; or (4) the law governing the substance of the contract under Articles 3537 or 3540.
> Nevertheless, when for reasons of public policy the law governing the substance of the contract under Article 3537 requires a certain form, there must be compliance with that form.

La. Civ. Code art. 3538. Article 3538 establishes a "rule of validation," which favors application of whichever law would validate the contract, subject to the public policy exception in the second paragraph. See id., cmts. (b) and (e).

As explained above, the state of performance will be Iowa because that is where the farm is located. Additionally, Iowa law will govern the substance of the contract under article 3537 because Iowa's policies would be most seriously impaired if its law were not applied. Assuming the Deed is valid under Iowa law—and the plaintiff does not argue in the instant motion that it is not—it would be valid in form under article 3538. Moreover, the public policy exception in the second paragraph likely requires that Iowa law be applied per article 3537. For all these reasons, the court finds that Iowa law governs the issue presented in the instant motion.

Having concluded that Iowa law governs the instant dispute, the plaintiff would only be entitled to summary judgment if he established that the Deed was invalid in form under Iowa law as a matter of law. The plaintiff's motion and reply brief argued only that the Deed is invalid as a matter of law under Louisiana law. See Record Documents 39 and 45. Additionally, Todd contends in opposition that the Deed appears to comply with Iowa's form requirements for a warranty deed. See Record Document 41. A genuine dispute of material fact exists as to whether the contract is valid in form, and the plaintiff is not entitled to judgment as a matter of law. Therefore, the plaintiff's motion is **DENIED**.

### III. CONCLUSION

Based on the foregoing, the plaintiff's motion for summary judgment is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this 16th day of May, 2014.

_____
JUDGE TOM STAGG